UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 21-CV-80582-RUIZ/REINHART

JUDITH COOK and
WALLACE COOK,

                Plaintiffs,

vs.

BANK OF NEW YORK, as Trustee for the
Certificateholders CWALT, Inc. Alternative
Loan Trust 2006-OA6 Mortgage Pass-
Through Certificates, Series 2006-OA6,

                Defendant.
_____/

## REPORT AND RECOMMENDATION ON MOTION FOR REMAND
### [ECF No. 6] [1]

Plaintiffs move to remand this matter to Palm Beach County Circuit Court. ECF No. 6. They allege that the Notice of Removal is untimely and/or that Defendant waived its right to remove. Defendant Bank of New York argues that removal was not waived and that removal was timely because Defendant was never properly served with the Complaint.

---

[1] A Magistrate Judge must issue a Report and Recommendation, subject to *de novo* review, for case-dispositive motions. 28 U.S.C. § 636(b)(1)(B). In contrast, a Magistrate Judge may issue an Order, subject to clear error review, for a non-dispositive motion. 28 U.S.C. § 636(b)(1)(A). The Eleventh Circuit has not resolved whether a Motion to Remand is a dispositive motion, but the prevailing authority among Courts of Appeals is that it is. *See generally Rotundo v. Garcia,* 12-24304-CIV, 2013 WL 12092257, at *2 n.3 (S.D. Fla. June 17, 2013) (J. Gold) (noting lack of Eleventh Circuit precedent and adopting Second, Sixth, and Tenth Circuit approach).

I have reviewed the Motion to Remand [ECF No. 6], the material submitted by Plaintiffs in support of that Motion [ECF Nos. 8-18], and the Response [ECF No. 29]. Plaintiffs declined the opportunity to file a Reply.  ECF No. 37.  I have also familiarized myself with the proceedings in state court that preceded removal.  ECF No. 1.  I recommend that the Motion to Remand be **DENIED**.

## DISCUSSION

The legal issues presented are not complicated. Sadly, the pleadings are replete with hyperbole and serious accusations of misconduct by opposing counsel.  It is clear that counsel have strong feelings about how this and other cases have been litigated. Their personal animus has no place in these pleadings and is irrelevant to the merits of the issues before the Court.  It is demeaning to counsel and to the legal profession.

The following facts are not disputed:

1. Plaintiffs filed their Complaint in Palm Beach Circuit Court on October 8, 2020.  ECF No. 1-2 at 2.

2. The caption of the Complaint identifies the Defendant as "Bank of New York, as Trustee for the Certificateholders CWALT, Inc. Alternative Loan Trust 2006-OA6 Mortgage Pass-Through Certificates, Series 2006-OA6." *Id.*

3. The introductory paragraph states:

Plaintiffs, JUDITH COOK and WALLACE COOK ("Plaintiffs"), sue Defendant, Bank of New York, as Trustee for the Certificateholders CWALT, Inc. Alternative Loan Trust 2006-OA6 Mortgage Pass-Through Certificates, Series 2006-OA6 ("Defendant"), and alleges:"

*Id.*

4. Paragraph 10 states, "Bank of New York Mellon ("BONY") never owned or held the Notes, either. As Trustee, it owed fiduciary duties to the Certificateholders." *Id.* ¶ 10.

5. Paragraph 13 states, "As Trustee of the Trust, BONY was still responsible for collecting case flows on behalf of the Certificateholders." *Id.* ¶ 13.

6. Paragraph 14 states, "In 2011, the Certificateholders filed suit against the Trustee (Defendant in this case) and all parties encompassing Defendant in a lawsuit in New York." *Id.* ¶ 14.

7. Paragraph 20 alleges that in 2007 a lawsuit was filed against Plaintiffs in Brevard County, Florida, case number 2007-CA-15928, "with Defendant named as the plaintiff." *Id.* ¶ 20.

8. The plaintiff in case number 2007-CA-15928 was "Bank of New York, as Trustee for the Certificateholders CWALT, Inc. Alternative Loan Trust 2006-OA6 Mortgage Pass-Through Certificates, Series 2006-OA6." ECF No. 1-3 at 92.

9. Paragraph 36 states, "For instance, in its capacity as Trustee, BONY has executed many limited powers of attorney." ECF No. 1-2 ¶36.

10. On October 8, 2020, the Clerk of the 15th Judicial Circuit Court issued a Summons commanding service to "Defendant BANK OF NEW YORK, as Trustee for the Certificateholders CWALT, Inc. Alternative Loan Trust 2006-OA6 Mortgage Pass-Through Certificates, Series 2006-OA6 c/o CT Corporate System, 1200 S. Pine Island Rd., Plantation, FL 33324." ECF No. 1-3 at 18.

11. On October 20, 2020, Plaintiffs filed a Verified Return of Service signed by S&W Process Service. In relevant part, the process server swore that on October 12, 2020, at 2:30 pm, "I served BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS CWALT, INC. ALTERNATIVE LOAN TRUST 2006-OA6 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-OA6 C/O CT CORPORATE SYSTEM WITH SUMMONS, COMPLAINT AND DEMAND FOR JURY TRIAL." ECF No. 1-3 at 20.

12. On October 12, 2020, CT Corporation System sent a letter to Plaintiffs' counsel stating, "After checking our records and the records of the State of FL, it has been determined that CT Corporation System is not the registered agent for an entity by the name of The Bank of New York." ECF No. 3-1 at 41.

13. CT Corporation System is the registered agent for "The Bank of New York, Inc." ECF No. 3-1 at 38.

14. The Bank of New York Mellon is the successor entity to The Bank of New York, Inc. ECF No. 3-1 at 34 ¶ 5.

15. The Bank of New York, Inc. and Bank of New York Mellon share a common employer identification number ("EIN"). *Compare, e.g.* ECF No. 1-4 at 3 (The Bank of New York, Inc. 2008 filing with Florida Secretary of State) *with* ECF No. 9-1 at 1 (The Bank of New York Mellon 2020 SEC Form T-1).

*Timeliness*

The primary issue in dispute is whether giving a copy of the summons and complaint to CT Corporation System on October 20, 2020, was sufficient to trigger

the 30-day deadline in the federal removal statute. 28 U.S.C. § 1446(b). It was not. Quite simply, the Defendant named in this Complaint has never been served.

As relevant here, a defendant may remove a civil action or proceeding to federal court by filing a Notice of Removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). The 30-day period "is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 347-48 (1999).

"Florida statutory law governing service of process is 'to be strictly construed to insure that a defendant receives notice of the proceedings.'" *Gilliam v. Smart,* 809 So. 2d 905, 907 (Fla. Dist. Ct. App. 2002) (citation omitted). The party seeking to invoke the court's jurisdiction bears the burden of proving valid service of process. *Id.* Serving someone who is not a party to the lawsuit does not convert that person into a party. *Id.* at 909.

Plaintiffs have not served the entity they named as the party Defendant here – Bank of New York. The Complaint defines the Defendant as "Bank Of New York" and alleges that entity is the Trustee for the relevant Certificateholders. The Summons names "Bank of New York." The process server swore that it served "Bank of New York." Plaintiffs argue, The Bank of New York, Inc. "is the named Defendant."

ECF No. 6 at 5. No, it isn't. The named defendant is "Bank of New York." There is no evidence in the record that "Bank of New York" and "The Bank of New York, Inc." are the same entity.

Rather than serving the named Defendant, Plaintiffs served CT Corporation Systems, which is the registered agent for a different entity – *The* Bank of New York, *Inc.* (emphasis added). No one disputes that fact. Regardless, Plaintiffs allege that by serving CT Corporation Systems they also served the named Defendant, because of the common EIN. ECF No. 6 at 5, ¶ 7 ("Suffice it to say that when Plaintiff effectuated service of process on BONY's registered agent, CT, it was necessarily effectuating service on both BONY, the named Defendant in this action, and [The Bank of New York Mellon]."). That argument fails as both a matter of fact and a matter of law. Factually, the entity that shares an EIN with The Bank of New York, Inc. is The Bank of New York Mellon, which is not the Defendant in this action. Legally, merely sharing an EIN is not enough to convert CT Corporation Systems into the registered agent of another entity besides The Bank of New York, Inc. *Gossamer Wing, LLC v. Bank of New York Mellon as Tr. for Certificate holders of CWABS, Inc., Asset-Backed Certificates, Series 2007-2,* 21-80319-CIV, 2021 WL 857527, at *3 (S.D. Fla. Mar. 7, 2021), *reconsideration denied,* 21-80319-CIV, 2021 WL 940612 (S.D. Fla. Mar. 11, 2021) (J. Cannon).[2]

Moreover, neither The Bank of New York, Inc., nor Bank of New York is the Trustee of the trust (and therefore presumably the correct defendant). The

---

[2] As Judge Cannon explained:

Complaint alleges that "Bank of New York Mellon" is the Trustee for the Certificateholders. That appears to be almost factually correct. Defendant submitted an unrefuted affidavit stating, "As successor to The Bank of New York, [The Bank of New York Mellon] is the trustee for the Trust that is named as a defendant in this action." ECF No. 3-1 at 34, ¶ 6. So, it appears that the proper defendant here should be *The* Bank of New York *Mellon* (emphasis added). That is not the party who was sued, the party named in the summons, the party who was served, nor the party identified as the Trustee in the Complaint.

Although Defendant was aware of the complaint more than 30 days prior to its Notice of Removal, there is no evidence that Defendant was formally served, as required by § 1446(b) and *Murphy Bros.* Therefore, the Notice of Removal was timely.

*Waiver*

Plaintiffs also argue that Defendant waived its right to removal because, before seeking to remove, it "litigated this case in State Court for five months, two hearings,

---

> [It makes no] difference that another legal entity—the Bank of New York—shares the same EIN number as Defendant. The statutes governing service are to be strictly construed, s*ee, e.g.*, *Dade Erection Serv., Inc. v. Sims Crane Serv., Inc.*, 379 So. 2d 423, 426 (Fla. Dist. Ct. App. 1980) (concluding, in context of service on a corporation, that statutory means of service is exclusive and must be strictly construed), and just because an entity shares the same EIN as another entity does not mean service on the registered agent of one of those entities equals service on the registered agent of another entity.

*Gossamer Wing,* 2021 WL 857527 at 3.

and 53 docket entries." ECF No. 6 at 22. I disagree. Defendant took the minimum steps necessary to defend itself.

Defendant first learned of this action on November 20, 2020, when it received the Order Specially Setting Hearing, "which was forwarded as a courtesy from Bank of New York, Inc., a wholly separate entity." ECF No. 1-3 at 84 (Wallace Affidavit ¶ 10). Defendant first appeared in the state court action on November 24, 2020, when counsel filed a Notice of Appearance. ECF No. 1-3 at 37-40. A Clerk's Default was entered that same day. *Id.* at 41. A Certificate of Clerk noting the default was entered on December 3, 2020 and served by email on Defendant's counsel that day. *Id.* Defendant moved to set aside the default on December 9, 2020. *Id.* at 42. On December 17, 2020, the Circuit Court vacated the default and ordered the Defendant to respond to the Complaint within 20 days. *Id.* at 99. On January 6, 2021, as required by the Circuit Court's December 17 Order, Defendant responded to the Complaint by moving to dismiss. *Id.* at 133. There is no evidence in the record that Defendant set a hearing on its Motion to Dismiss. That same day, Plaintiffs moved for reconsideration of the order setting aside the default and for sanctions. *Id.* at 101. Defendant responded to that Motion for Reconsideration on February 15, 2021. ECF No. 1-4 at 640.

On January 7, 2021, the Circuit Court set a hearing on the Motion for Reconsideration and for Sanctions to be held February 17, 2021. On January 13, 2021, Plaintiffs sought to compel Defendant to produce documents at the February 17, 2021, hearing. *Id.* at 176, 192. On January 27, 2021, Defendant moved for a

protective order to preclude the discovery sought by Plaintiffs. *Id.* at 182. Defendant moved to quash service on March 22, 2020. ECF No. 3-1 at 2. The Notice of Removal was filed on March 22, 2020. ECF No. 1.

"Whether a state court defendant waived its right to remove must be determined on a case-by-case basis." *Advanced Constr. & Renovation, Inc. v. Mt. Hawley Ins. Co.*, 17-61080-CIV, 2018 WL 797073, at *3 (S.D. Fla. Feb. 9, 2018) (J. Cooke) (citing *Hill v. State Farm Mut. Auto. Ins. Co.*, 72 F. Supp. 2d 1353, 1354 (M.D. Fla. 1999)). A waiver occurs if the defendant takes "some substantial offensive or defensive action in the state court action indicating a willingness to litigating in that tribunal before filing a notice of removal." *Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP*, 365 F.3d 1244, 1246 (11th Cir. 2004) (quoting Charles A. Wright, et al., 14B Federal Practice & Procedure § 3721 (2003)). "However, an action to maintain the status quo in state court, as opposed to an action to dispose of the matter, does not constitute a waiver." *Advanced Constr. & Renovation, Inc.,* 2018 WL 797073, at *3 (citing *Scholz v. RDV Sports, Inc.,* 821 F. Supp. 1469, 1470–71 (M.D. Fla. 1993)).

Other than filing a Motion to Dismiss which was never set for hearing and never adjudicated, Defendant took only defensive actions or steps to maintain the *status quo*. On similar facts, the Eleventh Circuit held in *Yusefzadeh* that no waiver had occurred:

> In this case, in compliance with Florida law, Nelson filed his responsive brief in state court and then sought to remove the case to federal court. He did not schedule a hearing on his motions to dismiss prior to seeking removal and the state court had not ruled on his motions to dismiss prior

to his removing the case. In these circumstances it cannot be said that Nelson took substantial offensive or defensive actions in state court, therefore he has not waived his right to remove this action to federal court.

365 F.3d at 1246–47.

## REPORT AND RECOMMENDATION

Accordingly, this Court **RECOMMENDS** that the District Court **DENY** Plaintiffs' Motion to Remand. ECF No. 6.

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Rodolfo A. Ruiz, II, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**If counsel do not intend to file objections, they shall file a notice advising the District Court within FIVE DAYS of this Report and Recommendation.**

**DONE AND SUBMITTED** in Chambers this 7th day of June, 2021 at West Palm Beach in the Southern District of Florida.

BRUCE REINHART
UNITED STATES MAGISTRATE JUDGE