UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  21-CV-80582-RUIZ/REINHART

JUDITH COOK and
WALLACE COOK,

Plaintiffs,

vs.

BANK OF NEW YORK, as Trustee for the
Certificateholders CWALT, Inc. Alternative
Loan Trust 2006-OA6 Mortgage Pass-
Through Certificates, Series 2006-OA6,

Defendant.

_____/

## REPORT AND RECOMMENDATION ON MOTION TO REMAND FOR LACK OF SUBJECT MATTER JURISDICTION
### [ECF No. 7] [1]

Before the Court is Plaintiffs' Motion to Remand for Lack of Subject Matter

Jurisdiction.  I have reviewed the Motion and the Defendant's Response.  ECF Nos.

7, 30.  Plaintiffs declined the opportunity to file a Reply. ECF No. 37.  I recommend

that the Motion be **DENIED**.

---

[1] A Magistrate Judge must issue a Report and Recommendation, subject to *de novo* review, for case-dispositive motions. 28 U.S.C. § 636(b)(1)(B). In contrast, a Magistrate Judge may issue an Order, subject to clear error review, for a non-dispositive motion. 28 U.S.C. § 636(b)(1)(A). The Eleventh Circuit has not resolved whether a Motion to Remand is a dispositive motion, but the prevailing authority among Courts of Appeals is that it is.  *See generally Rotundo v. Garcia,* 12-24304-CIV, 2013 WL 12092257, at *2  n.3 (S.D. Fla. June 17, 2013) (J. Gold) (noting lack of Eleventh Circuit precedent and adopting Second, Sixth, and Tenth Circuit approach).

On March 25, 2008, a Final Judgment for foreclosure was entered against Plaintiffs in *Bank Of New York, as Trustee for the Certificateholders CWALT, Inc. Alternative Loan Trust 2006-OA6 Mortgage Pass-Through Certificates, Series 2006-OA6 v. Judith A. Cook and Wallace R. Cook, et. al.,* case number 05-2007-CA-015928 in the Circuit Court for the 18th Judicial Circuit in and for Brevard County, Florida. ("the foreclosure action"). ECF No. 1-3 at 92.  In October 2020, Plaintiffs filed a two-count complaint in the Circuit Court for the 15th Judicial Circuit in and for Palm Beach County, Florida ("the Palm Beach action").  ECF No. 1-2.  The Palm Beach action alleges that Defendant improperly prosecuted the foreclosure action in Brevard County in order to steal Plaintiffs' property.  Specifically, Plaintiffs allege that (1) Defendant falsely represented that it was the owner and holder of the mortgage note, *id.* ¶ 22, (2) any claims against them were "fully paid and released, and jurisdiction for those claims lied exclusively in New York, *id.* ¶ 23, (3) the lawsuit was brought in the name of a fraudulent plaintiff as an "attempt to foreclose the Mortgage and steal the Property from Plaintiff."  *Id.* ¶ 24.  It further alleges that other banks and loan servicers assisted Defendant in its scheme. Although the Complaint asserts "the entire [foreclosure] proceeding, and any rulings emanating from it [were] void," *id.* ¶21, it does not seek to overturn the foreclosure Final Judgment.  *Id.* at 13-14.  It seeks only monetary damages.

On March 22, 2021, Defendant removed the Palm Beach action to this Court. Plaintiffs argue that it should be remanded to state court because this Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine.  Plaintiffs argue that

I should follow two recent cases in this District where cases were remanded based on *Rooker-Feldman: Lofgren v. The Bank of New York Mellon,* Case No. 21-cv-60374 and *Ginsberg-Klemmt v. Deutsche Bank Nat'l Trust Co.,* Case No. 21-cv-10010.  Neither of those cases controls.

As the Eleventh Circuit explained in *Target Media Partners v. Specialty Mktg. Corp.,* 881 F.3d 1279, 1284–86 (11th Cir. 2018):

> The *Rooker–Feldman* doctrine is a limitation on the jurisdiction of the inferior federal courts. This limitation is intended to prevent the federal courts from hearing what are essentially appeals from state court decisions, which may only be heard by the United States Supreme Court. The doctrine is rooted in an understanding that Congress has given only the United States Supreme Court the ability to hear an appeal from a state court decision. *See* 28 U.S.C. § 1257(a) ("Final judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court [where appealed on certain grounds]."); *see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292, 125 S. Ct. 1517, 161 L. Ed. 2d 454 (2005) ("§ 1257, as long interpreted, vests authority to review a state court's judgment solely in [the Supreme] Court."). The federal district courts, meanwhile, have been given original, not appellate, jurisdiction. *See, e.g.*, 28 U.S.C. §§ 1331, 1332.

> The foundation of the *Rooker–Feldman* doctrine rests on two United States Supreme Court cases. In the first one, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923), the Supreme Court rejected, as falling outside the jurisdiction of the district court, a suit that sought to have an Indiana state court's judgment "declared null and void." *Id.* at 414, 44 S. Ct. 149. There, the parties in federal court were the same parties who had litigated in state court. *Id.* Though the federal suit raised constitutional claims, "it was the province and duty of the state courts to decide" such claims. *Id.* at 415, 44 S. Ct. 149. The Supreme Court noted that under jurisdiction-conferring statutes, "no court of the United States other than [the Supreme] [C]ourt could entertain a proceeding to reverse or modify the judgment." *Id.* at 416, 44 S. Ct. 149.

> Sixty years later in *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983), the Supreme Court held that a

federal district court was without the power to review a District of Columbia court's individualized adjudication, even though the federal court could review general challenges to District of Columbia court rules. The decision which could not be considered in an inferior federal court, regarding whether certain individuals should be permitted to sit for the bar examination, was "judicial in nature," and "a United States District Court has no authority to review final judgments of a state court in judicial proceedings," including claims that were "inextricably intertwined" with the state court decision. *Id.* at 479, 482, 486, 103 S. Ct. 1303. However, a district court *could* hear allegations regarding the facial validity of a state court rule. *Id.* at 487, 103 S. Ct. 1303.

More recently, the Supreme Court concluded that the inferior federal courts had been applying *Rooker–Feldman* too broadly. *Exxon Mobil*, 544 U.S. at 283, 125 S. Ct. 1517 ("[T]he [*Rooker–Feldman*] doctrine has sometimes been construed to extend far beyond the contours of the *Rooker* and *Feldman* cases."). The Supreme Court expressly limited *Rooker–Feldman*'s applicability. In *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 125 S. Ct. 1517, 161 L. Ed. 2d 454 (2005), the Supreme Court clarified that *Rooker–Feldman* bars only that class of cases in which federal litigants seek reversal of state court decisions. The doctrine is "confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* at 284, 125 S. Ct. 1517. The Supreme Court has also clarified that "*Rooker–Feldman* is not simply preclusion by another name." *Lance v. Dennis*, 546 U.S. 459, 466, 126 S. Ct. 1198, 163 L. Ed. 2d 1059 (2006) (again stating that *Rooker–Feldman* applies "where a party in effect seeks to take an appeal of an unfavorable state-court decision," *id.*). The doctrine neither "override[s] or supplant[s] preclusion doctrine" nor "augment[s] the circumscribed doctrines that allow federal courts to stay or dismiss proceedings in deference to state-court actions." *Exxon Mobil*, 544 U.S. at 284, 125 S. Ct. 1517.

Following *Exxon Mobil*, our Circuit recognized the limited scope of the *Rooker–Feldman* doctrine as it has been described by the Supreme Court. We have since declined to apply our previous test for *Rooker–Feldman* analysis and have instead hewn closely to the language of *Exxon Mobil*. *See Nicholson v. Shafe*, 558 F.3d 1266, 1274 (11th Cir. 2009). Consistent with the directions of the Supreme Court, we now apply *Rooker–Feldman* to bar only those claims asserted by parties who have lost in state court and then ask the district court, ultimately, to review and reject a state court's judgments. *Id.* at 1268 (quoting *Exxon*

*Mobil*, 544 U.S. at 284, 125 S. Ct. 1517).

To determine which claims invite rejection of a state court decision, we continue to apply an inquiry similar to the one that preceded *Exxon Mobil*. We continue to consider whether a claim was either (1) one actually adjudicated by a state court or (2) one "inextricably intertwined" with a state court judgment. *See Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009) (per curiam). And we have continued to describe a claim as being "inextricably intertwined" if it asks to "effectively nullify the state court judgment, or it succeeds only to the extent that the state court wrongly decided the issues." *Id.* (internal quotation marks and citation omitted).

Notably, however, a federal claim is not "inextricably intertwined" with a state court judgment when there was no "reasonable opportunity to raise" that particular claim during the relevant state court proceeding. *Id.* (quoting *Powell v. Powell*, 80 F.3d 464, 467 (11th Cir. 1996)). Thus, the class of federal claims that we have found to be "inextricably intertwined" with state court judgments is limited to those raising a question that was or should have been properly before the state court. For example, in *Casale*, we held that *Rooker–Feldman* barred a federal district court from exercising jurisdiction where an ex-husband sought an injunction to stop domestication of out-of-state contempt orders. *Id.* at 1261. There, though the federal and state claims were different in name, their essential inquiry was the same—whether there was a requirement to pay amounts due under a divorce decree. *Id.* Thus, where arguments, even ones grounded in federal law, were not "offer[ed] ... to the state courts—or if the state courts did not buy them—[they could not be] unload[ed] ... by attempting to sell them" in federal court. *Id.*

Applying these principles, the *Rooker-Feldman* doctrine does not apply here. First, the claims asserted in the Palm Beach action were not adjudicated in the foreclosure action. Second, Plaintiffs do not invite this Court to reject or effectively nullify the Final Judgment in the foreclosure action; they seek monetary damages. *See Kohler v. Garlets,* 578 Fed. App'x 862, 864 (11th Cir. 2014). Third, Plaintiffs' claims can succeed even if the state court case was correctly decided. Plaintiffs allege actions by Defendant and its confederates that are outside the four corners of the foreclosure

action.   For example, they allege that loan servicers fraudulently recorded assignments.   Fourth, Plaintiffs did not have a reasonable opportunity to raise these claims in the foreclosure action.   The Final Judgment was entered March 25, 2008. The allegedly wrongful conduct asserted in the Complaint occurred thereafter, between at least 2011 and 2016.   *See id.* at ¶¶ 13, 14, 32.   The Complaint further alleges, "Plaintiffs did not become aware of these facts until 2020."   *Id.*   ¶ 41.   The *Rooker-Feldman* doctrine does not apply.

*Giinsberg-Klemmt* is readily distinguishable.   There, the plaintiff-homeowner sued the mortgage lender in state court in October 2020 alleging an improper foreclosure.   On December 31, 2020, defendant moved to quash service of process. Without ruling on the motion to quash, the state court entered final judgment in favor of plaintiff on January 6, 2021.   Two weeks later, defendant removed the case to federal court.   Plaintiff moved to remand because the removal was untimely.   The federal court held, "Here, the state court entered final judgment on January 6, 2021, and Defendant 'removed' this action to federal court on January 21, 2021.   The instant case effectively amounts to an appeal of a state court judgment, which this Court has no jurisdiction to entertain."   ECF No. 13 in case no. 21-cv-10010-JLK.

I acknowledge that *Lofgren* is factually close to the instant case.   There, a foreclosure judgment was entered in 2014.   In 2020, the former homeowners sued the lender in Broward County Circuit Court.   Many of the allegations in the *Lofgren* complaint are verbatim identical to the allegations in the *Cook* case.   For example, it repeats the allegation that the underlying proceeding was rendered void by the

defendant's fraud. The defendant removed the *Lofgren* case to federal court.  The Notice of Removal described the Broward County lawsuit as collaterally attacking the foreclosure judgment.  ECF No. 1 in Case No. 21-60374 at 2.  The district court invoked the *Rooker-Feldman* doctrine because it interpreted the complaint to be seeking a "ruling that the state court foreclosure judgment is somehow void." *Lofgren v. Bank of New York Mellon as Tr. of Holders of Alternative Loan Tr. 2005-76, Mortgage Pass-Through Certificates Series 2005-76*, 21-CV-60374, 2021 WL 1062255, at *2 (S.D. Fla. Mar. 19, 2021).

I respectfully disagree with the decision in *Lofgren*.  The complaint there did not seek to set aside the underlying foreclosure; it sought monetary damages. ECF No. 1-2 in Case No. 21-60374 at 14-15.  It alleged conduct outside the four corners of the foreclosure action.  It alleged that plaintiff was not aware of the improper conduct until 2020.  Also, like here, the underlying foreclosure in *Lofgren* pre-dated some of the alleged improper conduct.  *See generally id.*  For the reasons stated above, I believe these facts preclude applying the *Rooker-Feldman* doctrine.

## REPORT AND RECOMMENDATION

Accordingly, this Court **RECOMMENDS** that the District Court **DENY** Plaintiffs' Motion to Remand for Lack of Subject Matter Jurisdiction.  ECF No. 7.

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Rodolfo A. Ruiz, II, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being

served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**If counsel do not intend to file objections, they shall file a notice advising the District Court within FIVE DAYS of this Report and Recommendation.**

**DONE AND SUBMITTED** in Chambers this 8th day of June, 2021 at West Palm Beach in the Southern District of Florida.

BRUCE REINHART
UNITED STATES MAGISTRATE JUDGE

8